## THE STATE *vs.* THOMAS WALLACE.

Third Judicial District, New Haven, January Term, 1906.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A losing party cannot justly complain of a charge which covers in substance every material request made by him, and is otherwise correct and sufficient as a whole for the guidance of the jury in the case before them.

A photograph which is admitted in evidence may properly be inspected with the aid of an ordinary magnifying glass ; and it is not necessarily improper for counsel, during or after argument, to state to the jury that the use of such a glass as he then holds in his hand will disclose something in the photograph tending to support his claim as to a matter in dispute.

It is within the discretion of the court to allow the jury, upon their request during their deliberations, to receive and use such a magnifying glass.

Argued January 23d—decided March 8th, 1906.

INFORMATION for violation of the law respecting the sale of intoxicating liquors, brought by appeal of the accused from the City Court of Derby to the Criminal Court of Common Pleas in New Haven County and tried to the jury before *Hubbard, J. ;* verdict and judgment of guilty, and appeal by the accused. *No error.*

*Charles S. Hamilton,* for the appellant (the accused).

*Robert J. Woodruff,* Prosecuting Attorney, for the appellee (the State).

HAMERSLEY, J. The defendant was charged with entering, with intent to purchase intoxicating liquor, a certain place in which intoxicating liquors were licensed to be sold, during the hours in which it was unlawful for such place to be kept open, and with purchasing intoxicating liquor in said place within such hours, in violation of § 2701 of the General Statutes. Upon the jury returning a verdict of

guilty, he filed a motion in arrest of judgment. This motion was denied by the court, and judgment rendered imposing a fine of $7. Thereupon the defendant took this appeal, assigning thirty-six reasons of appeal, covering more than twice that number of exceptions. Upon examination of the record, giving due consideration to the brief and argument of counsel, we do not think the reasons of appeal present any matter of law sufficiently doubtful to justify detailed discussion.

The court properly declined to charge in the language of the defendant's requests, and sufficiently covered in his charge the substance of every material request. The passages in the charge claimed to be erroneous, when read in connection with their context and the state of the evidence, are substantially correct, unless in some respects too favorable to the defendant. The charge as a whole was sufficient to enable the jury to understand the nature of the offense charged and the questions they were to decide, and to weigh the evidence applicable to such questions and to intelligently decide them.

The rulings upon evidence were for the most part manifestly correct, and none of them are of such a nature as to justify a new trial.

A photograph duly identified and admitted in evidence as a correct representation of the appearance of a building at the time the photograph was taken, may properly be inspected with such aid to the eyesight as is naturally used in a close inspection of this kind. It is not necessarily improper for counsel during or after argument to state that the use of a magnifying glass which he holds in his hand will show upon the photograph an appearance of the building tending to support his claim as to a matter in dispute, and it is not error for the court to find and hold, upon objection, that such statement in that case is not improper. Compliance with a request of the jury made during their consultation, that a particular hand-magnifying glass may be sent them for the inspection of a photograph in their possession as an exhibit, is within the lawful discretion of the

court. . In this case the court did not err in denying the motion in arrest of judgment, and in refusing to set aside the verdict of the jury for such reasons.

There is no error in the judgment of the Court of Common Pleas.

In this opinion the other judges concurred.